UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Rita Mulcahy,

Plaintiff,

vs. MINUTE ORDER

Cheetah Learning LLC
and Michelle Labrosse,

Defendants. Civ. No. 02-791 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 24th day of September, 2002.

* * *

On September 17, 2002, the Court heard argument on the parties' informal Motion for a Protective Order. At the time of the Hearing, the Plaintiff Rita Mulcahy ("Mulcahy") appeared by Susan M. Robiner, Esq., and the Defendants Cheetah Learning, LLC, and Michelle LaBrosse, ("Cheetah"), appeared by Christopher K. Larus, Esq. For reasons expressed during the course of the Hearing, and memorialized below, we grant the parties' informal Motion for a Protective Order, in the form requested by the Defendants.[1]

---

[1]The parties had submitted two different versions of a Protective Order to the Court, together with a signed Stipulation for the Entry of Protective Order, which allows the Court to enter either version, as deemed appropriate by the Court. However, neither version fully incorporates our ruling and, as directed at the Hearing, (continued...)

SEP 24 2002

Mulcahy is the President and founder of RMC Project Management, Inc., which is a corporation that teaches a preparatory course for the Project Management Professional ("PMP") examination. The course is expressly designed to prepare students to take the Project Management Institute's PMP Certification Examination. The Defendants offer a preparatory course for that same examination. Mulcahy commenced this action in which she alleges that the Defendants violated her copyright on a book entitled PMP Exam Prep, by copying materials, from that book, for inclusion into their own preparatory class materials.

The current dispute arises out of the parties' attempt to agree upon a Protective Order. Although both parties acknowledge their status as direct competitors, as well as the fact that discovery will require the production of commercially sensitive information, which provide cause for the entry of a multi-tiered Protective Order under Rule 26(c), Federal Rules of Civil Procedure, they have been unable to agree upon the terms of such an Order. The one remaining area of contention is whether Mulcahy's husband, who also serves as her legal counsel, and counsel for her company,

---

(...continued)
the parties are to submit, for the Court's review, a proposed Protective Order consistent with the Court's ruling on the substantive issues presented.

can have access to the commercially sensitive information, which the parties agree, should be denied to Mulcahy.[2]

The Plaintiff contends that Mulcahy's husband is the functional equivalent to in-house counsel as he actively assists Plaintiff's Trial counsel in the advancement of this case to Trial. Nonetheless, the Plaintiff maintains that her husband provides only limited legal advice to her, and her company, and does not engage in the business's decisionmaking. According to the Plaintiff, under the prevailing law, in-house counsel is generally permitted access to confidential discovery materials, when counsel is not actively involved in business decisionmaking. In support of this argument, the Plaintiff points to U.S. Steel Corp. v. United States, 730 F.2d 1465 (Fed. Cir. 1984), in which the Federal Circuit considered a decision by the International Trade Commission ("ITC"), which denied access to confidential information to in-house counsel, while granting access to outside counsel.

---

[2]While it appeared, from the parties' Motion papers, that they disagreed on what non-commercially sensitive materials could be disclosed to Mulcahy's husband, that was clarified during the course of the Hearing. Originally, the Defendants were unwilling to allow Mulcahy's husband to access "Confidential" information that would be disclosed to Mulcahy. Of course that approach would make no sense. Rather, the Defendants seek to preclude Mulcahy's husband from reviewing "Highly Confidential" documents -- the ones that will also be excluded from Mulcahy's view. Unfortunately, the Defendants' proposed Protective Order was not properly tailored for this purpose, and requires redrafting.

In its decision, the ITC had voiced its concern over the increased potential for the inadvertent disclosure of confidential materials by in-house counsel, which warranted excluding that counsel from securing access to those materials. The Federal Circuit held that such reasoning was flawed, and that a determination of whether to grant access to confidential information could not "rest on a general assumption that one group of lawyers are more likely or less likely inadvertently to breach their duty under a protective order." Id. at 1468. Saying that "[i]nadvertence, like the thief-in-the-night, is no respecter of its victims," the Court counseled that "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure." Id. The Federal Circuit went on to suggest that, in the event that in-house counsel were involved in competitive decisionmaking, they should be denied access to highly confidential materials for, in such a case, the risk of inadvertent disclosure was considerable. Id.

The Plaintiff argues that, after U.S. Steel, Courts have developed a balancing test for determining whether in-house counsel should be permitted access to confidential information, in which the complexity of the issues in the litigation, and the adequacy of other discovery measures for assisting in-house counsel's development of the litigation, are balanced against the level of in-house

counsel's involvement in corporate decisionmaking. The Plaintiff asserts that the level of corporate decisionmaking authority is the key factor in this analysis, and that, here, Mulcahy's husband, is not involved in corporate decisionmaking for her, but he is critical to the preparation of this action for Trial. Ergo, he should be permitted access to the "Highly Confidential" materials.

The Defendants disagree, and argue that the Plaintiff is represented by competent legal counsel, who will undoubtedly obtain experts to review any confidential disclosures, and that, as such, Mulcahy's husband need not have access to the information to facilitate Trial preparation. Further, they urge that as Mulcahy's husband serves as general counsel to Mulcahy's business enterprise, and is married to Mulcahy, he has a direct financial interest in the outcome of this action, and that status sets him apart from the ordinary posture of in-house legal counsel. According to the Defendants, "[a]llowing Mr. Mulcahy access to Cheetah's 'highly confidential' information creates an unreasonable risk that such information will be disclosed to Ms. Mulcahy."

We agree. As we stated at the time of the Hearing, our concern is not that Mulcahy's husband will consciously violate the Defendants' interest in preserving their trade secrets but, rather, that he will be asked questions, by Mulcahy, concerning the general operation of Mulcahy's business, which could reveal sensitive information that has directly been denied to Mulcahy, with her

agreement. We are not persuaded that the human mind, particularly in the mix of day-in-and-day out domestic exchanges, could be so compartmentalized that inadvertent disclosure would be unfathomable. As the spouse of Mulcahy, the potential for a misstep, by which highly sensitive information could be divulged, appears highly likely. Unlike the in-house counsel involved in U.S. Steel Corp., and the other cases cited by the Plaintiff, here Mulcahy admits that she consults with her husband on business related issues -- albeit, she maintains, of a most mundane nature -- we can discern no specific need to disclose such competitively charged information to him, if he consults with his wife on nothing more than the appearance of instruction materials.[3] We do not believe that Mulcahy can have it both ways -- her husband is not involved with the business in any real way, except for artistic consultations but, if he is not allowed to explore the Defendants' most sensitive proprietary information, Mulcahy's due process rights could be impacted.

Therefore, having conducted the type of weighing envisioned in United States Steel Corporation, we are persuaded that Mulcahy's husband should not be permitted access to those materials designated, by the Defendants, as "Highly Confidential." If some speci-

---

[3]Frankly, on this Record, we are unable to state that the sensitive information, which the Defendants seek to protect, is not the very time of information upon which Mulcahy relies upon her husband.

fic information must be shown to Mulcahy's husband, for reasons we cannot now foresee, Mulcahy will be allowed to either challenge a designation of information as not being "Highly Confidential," or she can make a cogent showing that her husband's access to that information is crucial to her due process rights. Accordingly, we directed the parties, at the close of the Hearing, to draft a Protective Order in which Mulcahy's husband will have access to those materials which are designated, by the Defendants as "Confidential," but not to those designated as "Highly Confidential."

NOW, THEREFORE, It is --

ORDERED:

That the parties' informal Motion for a Protective Order is GRANTED, and such a Protective Order will be entered upon the parties submission of a Protective Order which complies with the directives of this Order.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.