**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Civil File No. 02-791 (PAM/RLE)

RITA MULCAHY,

Plaintiff, **PROTECTIVE ORDER**

vs.

CHEETAH LEARNING LLC AND
MICHELLE LABROSSE,

Defendants.

---

**IT IS HEREBY STIPULATED AND AGREED**, by and among the undersigned counsel of record for the Plaintiff and the Defendants that, pursuant to Fed. R. Civ. P. 26(c):

1. Any party who, in this litigation, produces or discloses any document, thing or information in any form (which shall be referred to singularly or collectively as "protected information") may designate such protected information as "CONFIDENTIAL" when it contains trade secrets, competitively sensitive information or other confidential information, the present disclosure of which would, in the good faith judgment of the party making the disclosure, be detrimental to that party. A person who is not a party to this lawsuit may designate as "CONFIDENTIAL" protected information provided to any party to this lawsuit. "Protected information" includes the information both as originally produced and in any other form, including copies, notes and summaries of such information.

2. The designation of protected information as "CONFIDENTIAL" may be effected by visibly marking it "CONFIDENTIAL" or with words of similar import. The protected information may be so marked when it is produced, disclosed or at any time before copies



SEP 26 2002
RICHARD D. SLETTEN, CLERK
DOCUMENT ENTD ___ J.H.

ordered by the receiving party during a document examination are physically delivered to the receiving party or as otherwise provided in this Protective Order. Protected information may also be designated as "CONFIDENTIAL" in contemporaneous correspondence from the person that will produce or disclose the protected information to counsel for the parties to this action. The designation shall identify the documents by description or Bates number.

3. No protected information marked or designated as provided in this Protective Order may be used by any recipient of such information or disclosed to anyone for any purpose other than in connection with this litigation. No protected information may be disclosed by the recipient of such information to anyone other than those persons designated below in paragraph 4, unless and until the restrictions in this Protective Order are removed either by agreement of the parties or by order of the Court.

4. All protected information designated as "CONFIDENTIAL" shall be restricted to the following persons:

(a) Counsel who have appeared of record for any party in this case and have signed this Protective Order, and partners, shareholders, associates, paralegal assistants, clerical staff and secretaries who are regularly employed by such counsel, and are actively engaged in assisting such counsel with respect to this litigation;

(b) Each party to this litigation and Timothy Mulcahy;

(c) Any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation;

(d) Experts or any person retained or used by counsel for any party to assist counsel with respect to this litigation, who are not regular employees of such counsel;

(e) Persons shown on the face of the document to have authored or received it;

(f) Any person whom the parties agree, in advance and in writing, may receive such protected information.

This Protective Order does not prohibit a person from disclosing its own protected information. Nor does this Protective Order prohibit a person from disclosing protected information independently obtained from non-confidential sources or sources that do not designate the information as confidential so long as the information was not improperly disclosed by the source of the information.

5. No person authorized under paragraphs 4(b), (d), or (f) of this Protective Order to receive access to protected information shall be granted such access until such person has received a copy of this Protective Order and agrees in writing to be bound by it by signing a copy of the agreement attached as Exhibit A to this Protective Order. The original of each such written agreement shall be maintained by counsel for the party that seeks to disclose protected information. Further, each recipient of protected information shall not make any copies of or notes concerning such information for any purpose whatsoever, except in connection with this litigation and solely for the purposes of this litigation.

6. Any person may designate as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" information that it deems so competitively sensitive that it should not be learned by its competitors. Such information shall be disclosed only to persons, described in paragraphs 4(a), 4(c);4(d); 4(e), and 4(f); and to experts retained for this litigation who are not employees of or regular consultants to a party. Such information shall not be disclosed to a party or its agents, other than agents described in the preceding sentence. In addition, such information shall not be provided to Tim Mulcahy unless it is provided pursuant to paragraphs 4(e) and 4(f). All other terms of this Protective Order apply equally to information designated as "CONFIDENTIAL" and information designated as "HIGHLY CONFIDENTIAL."

7. If, during the course of a deposition, counsel for any person designates any part of the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" the deposition transcript shall be visibly marked on the cover page by the reporter as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Alternatively, within 40 days after the date the deposition testimony is given, counsel for any person may designate, by letter to all counsel and the deposition reporter, any portion of the deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under the terms of this Protective Order, and a copy of the letter shall be attached by the reporter and all counsel to the cover page of all deposition transcripts. Any confidentiality under the terms of this Protective Order is waived as to any portion of the deposition transcript which is not designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" within this 40-day period, unless otherwise agreed by the parties or ordered by the Court. This paragraph shall not be deemed or construed to authorize disclosure of any protected information to any person to whom disclosure is otherwise prohibited under this Protective Order.

8. A party may file a motion with the Court for an appropriate modification of this Protective Order, or an order that certain information is not entitled to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Such a motion shall identify the particular protected information proposed to be disclosed, the name and address of the person to whom the party proposes to disclose the protected information, and the reasons why such information should not be restricted. The party seeking disclosure of protected information may not disclose such information, or any part of it, pending the Court's decision on the motion.

9. Any protected information designated under this Protective Order as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" which is filed with the Court for any purpose shall be filed in a sealed envelope or container marked on the outside with the title of the

action, the identification of each document or other item within, and a statement substantially in the following form:

CONFIDENTIAL

The Court, its staff and counsel for the parties shall have access to any envelope or container submitted under seal in connection with this litigation. To the extent practicable, protected information shall be filed separately or in severable portions of filed papers, so that the non-confidential portions may freely be disseminated. No protected information shall be included in whole or in part in pleadings, motions, briefs, exhibits, memoranda or other papers filed in court, except as provided in this paragraph.

10. Any party receiving any protected information which has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" may object in writing to such designation. If such objection cannot be resolved by agreement, the objecting party may file a motion with the Court to determine the propriety of the designation. The protected information which is the subject of such motion shall be treated in accordance with the designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" status pending the Court's decision on the motion. In all motions to modify a designation, the party propounding the designation shall bear the burden of justifying the particular designation made.

11. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of any protected information, and shall be responsible for insuring that each of his or her regularly employed partners, associates, paralegal assistants, clerical staff and secretaries who are assisting in this litigation and the proposed recipients of protected information are informed of the terms of this Protective Order and their obligations under it.

12. Neither the taking of any action in accordance with the provisions of this Protective Order nor the failure to object to such action shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Protective Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later time seeking to impose such designation or challenging the propriety thereof. In connection with any such motion, the burden shall be on the producing party to prove the appropriateness of the confidentiality designation by a preponderance of the evidence.

13. This Protective Order shall not be deemed or construed as a waiver of any right to object to the furnishing of information in response to any discovery request. Nor shall this Protective Order be deemed or construed as a waiver of the attorney/client, work product, or any other privilege, or of the rights of any party, person or entity to oppose the production of any documents or information on any grounds. Further, nothing in this Protective Order shall be construed to limit, restrict or otherwise affect the ability of any party to seek the production of documents, testimony or information from any source.

14. This Protective Order shall not be deemed or construed in any way to affect or to establish the admissibility or to waive any right to object to the admissibility at trial of any protected information covered by this Protective Order.

15. If a party inadvertently produces information subject to any privilege, the recipient, upon notice from the producing party of the production and privilege, shall promptly return or destroy all such information, including all copies thereof and all documents incorporating or referring to such information.

16. Within 75 days after final termination of this action, including all appeals, any recipient of protected information under paragraphs 4(b)-(f) of this Protective Order shall deliver all protected information, including all copies thereof and all documents incorporating or referring to such information, to counsel for the person which disclosed the protected information to the recipient, unless the parties otherwise agree in writing. As an alternative, within the same 75-day period, all documents containing protected information may be destroyed and such destruction confirmed in correspondence to counsel for the disclosing person. A party and its counsel of record need not destroy or return protected information incorporated in materials filed with the court, subject to the terms of this Protective Order. Counsel of record need not destroy or return protected information incorporated in work product retained solely by counsel.

17. This Protective Order shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of all parties hereto filed with the Court. Without limiting the generality of the foregoing, this Protective Order shall survive or remain in full force and effect after the termination of this litigation. Nothing in this Protective Order shall limit or preclude any party from applying to the Court for relief from this Protective Order, or for such further or additional protective orders as the Court may deem appropriate.

18. In the event that counsel for any party receives a demand or request to produce or disclose protected information or is informed that a demand or request for protected information has been made to any recipient of protected information under the terms of this Protective Order by any government agency or in connection with another lawsuit, counsel shall, within five business days after receipt of such demand or request or upon being informed of such demand or request, send written notice to all counsel of the identity of the person or entity making the

demand or request and the recipient of the demand or request, the nature of the material requested or demanded, and the date on which the protected information is to be produced or disclosed. The request or demand, be it in the form of subpoena, letter or otherwise, shall be attached to the letter.

19. This Protective Order is binding on the parties immediately upon execution.

Dated: September ______, 2002

LEONARD, STREET AND DEINARD
PROFESSIONAL ASSOCIATION

______________________________

Susan M. Robiner (#168609)
Rita O'Keeffe (# 306873)
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Telephone: (612) 335-1500

ATTORNEYS FOR PLAINTIFF
RITA MULCAHY

Dated: September 24, 2002

FULBRIGHT & JAWORSKI, LLP

______________________________

Christopher K. Larus (#226828)
Michael A. Collyard (#302569)
225 South Sixth Street, Suite 4850
Minneapolis, MN 55402
Telephone: (612) 321-2800

ATTORNEYS FOR DEFENDANTS
CHEETAH LEARNING, LLC
AND MICHELLE LABROSSE

IT IS HEREBY SO ORDERED, ADJUDGED AND DECREED.

Dated: 9-26-02

Raymond L. Erickson
Magistrate Judge Raymond L. Erickson

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.