# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-3112
02-791 PAM/RLE

| | | |
|---|---|---|
| Rita Mulcahy, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Cheetah Learning LLC; Jeff Schurrer, | * | |
| | * | |
| Defendants - Appellants. | * | |

Submitted: May 10, 2004
Filed: October 19, 2004

Before LOKEN, Chief Judge, BRIGHT and SMITH, Circuit Judges.

LOKEN, Chief Judge.

This is a copyright dispute between two organizations that offer competing courses to prepare students to pass the Project Management Professional (PMP) Exam given by the Project Management Institute (PMI). Rita Mulcahy filed the lawsuit, claiming copyright infringement and unfair competition by Cheetah Learning LLC and by Jeff Schurrer, an instructor who distributed allegedly infringing materials to Cheetah students. The district court granted Mulcahy partial summary judgment and a permanent injunction on her claim that defendants infringed her copyrighted work, PMP Exam Prep. Cheetah and Schurrer appeal. We conclude there are genuine issues of material fact regarding whether PMP Exam Prep infringes PMI's exclusive

SCANNED

right to prepare derivative works based on its preexisting copyrighted work and whether PMP Exam Prep is a fair use of that work. Accordingly, we reverse the grant of partial summary judgment and vacate the permanent injunction.

## I. Background.

Established in 1969, PMI is a not-for-profit association for project management professionals (PMPs) that now "supports over 100,000 members in 125 countries worldwide." As part of its continuing and seemingly successful effort to establish project management as a true profession, PMI first offered a PMP certification exam in 1984 and first published a work entitled Project Management Body of Knowledge in 1987. In 1996, PMI published a superseding copyrighted work entitled Guide to the Project Management Body of Knowledge, which we will refer to as the PMBOK. PMI advertises that the PMBOK is approved by the American National Standards Institute and is "[t]he foundation document for project management training and/or education." PMI's PMP exam has been "based upon" the PMBOK during the period relevant to this dispute. However, the PMBOK's introductory statement of purpose suggests that it serves as a desk reference work for practicing project managers as well as a "consistent structure" for PMI's certification of PMPs. There is no testimony by a PMI representative in the summary judgment record, nor does the record reveal whether PMI has copyrighted PMP exam materials.

PMI certification has come to be viewed as an important credential, creating a market for textbooks and courses that prepare aspiring PMPs to pass the PMI exam. PMI website materials in the record suggest that PMI, colleges and universities, and numerous private vendors have entered this market. Because PMI bases the PMP exam on the PMBOK, a comprehensive reference work, it is hard to imagine that a vendor could devise a successful course teaching students to pass the PMP exam without using -- or plagiarizing -- the PMBOK. In this regard, PMI's copyright notice in the front of the PMBOK advises:

> All rights reserved. Permission to republish in full is granted freely. No part of this work may be reproduced or transmitted in any form . . . without prior written permission of the publisher.

Likewise, a PMI website warns:

> Anyone wishing to use excerpts from the *PMBOK Guide* must obtain written permission to do so and pay the appropriate permission fee, where applicable. This includes PMI members, PMI Components and PMI Registered Education Providers.

Mulcahy is an expert in the field of project management who offers test preparation courses and materials to teach students to pass the PMP exam. To this end, Mulcahy wrote and copyrighted PMP Exam Prep. The book begins with materials specifically focused on passing the PMP exam that have no counterparts in the PMBOK, such as sections entitled "An Overview of the Exam," "Types of Questions on the Exam," "How to Study for the Exam," and "Tricks for Taking the Exam." However, the subsequent sections, which are entitled "The Materials" and take up 150 of the work's 165 pages, track the PMBOK's organization of the project management "knowledge areas" and reproduce or condense the materials presented in the PMBOK. Although PMP Exam Prep states that it is "intended to work hand-in-hand" with the PMBOK, and the record includes a PMI website that says,"Get Rita's book," whether PMI authorized Mulcahy to use excerpts from the PMBOK in her work is a disputed issue of fact.

Cheetah offers a variety of exam preparation and professional training courses. Founder Michelle LaBrosse testified that she uses "a unique educational model which utilizes dietary control, yoga meditative techniques, color recognition, state conditioning and psych-acoustics to accelerate the learning process." In 2000, Cheetah retained Eric Nielsen to develop the substantive content for a PMP exam preparation course. Cheetah began offering the four-day course in September 2001,

using the PMBOK as the "primary reference" and also distributing to students loose-leaf materials called the Candidate Notetaker. LaBrosse was soon advised of significant similarities between Cheetah's Candidate Notetaker and Mulcahy's PMP Exam Prep. LaBrosse compared the two works and informed Mulcahy's attorney that she "had revised Cheetah's course materials to remove what I believed to be the allegedly infringing content." Unsatisfied, Mulcahy filed this lawsuit. Nielsen testified that he used PMP Exam Prep and other reference works in preparing the Cheetah course materials and sample test questions.

Ruling on the parties' cross motions for summary judgment, the district court granted Mulcahy summary judgment on her copyright infringement claim, concluding that (i) Mulcahy's copyright is valid because PMP Exam Prep does not infringe PMI's copyright in the PMBOK, (ii) alternatively, PMP Exam Prep is a fair use of the PMBOK, and (iii) Cheetah's course materials are substantially similar to PMP Exam Prep and therefore infringe Mulcahy's copyright as a matter of law. The court broadly enjoined defendants from "using, copying, selling, distributing, or displaying" specific Cheetah materials created between August 2001 and September 2002 and all other materials "substantially similar to any edition" of PMP Exam Prep.[1] Though copyright damage issues remain unresolved, we have jurisdiction to review the court's grant of a permanent injunction. 28 U.S.C. § 1292(a)(1). If summary judgment was improvidently granted on Mulcahy's claim of copyright infringement, the permanent injunction must be vacated. See Randolph v. Rodgers, 170 F.3d 850, 856 (8th Cir. 1999).

---

[1]By permanently enjoining defendants from using "any materials that are substantially similar to any edition of Plaintiff's PMP Exam Prep," paragraph 3.b. of the court's order threatens defendants with contempt sanctions if they continue using revised Cheetah course materials that were not before the court, contrary to the principle that blanket injunctions to obey the law are disfavored. See Jake's, Ltd., Inc. v. City of Coates, 356 F.3d 896, 904 (8th Cir. 2004).

## II. Discussion.

Two elements are required to establish copyright infringement, ownership of a valid copyright and copying of original elements of the work. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). Here, we need only consider the first element because we agree with defendants that the district court erred in concluding as a matter of law that PMP Exam Prep is not an unauthorized derivative of the PMBOK and that any copying of the PMBOK in PMP Exam Prep was a "fair use" within the meaning of 17 U.S.C. § 107.[2]

*A. Unauthorized Derivative.* The statutory rights of a copyright owner include the exclusive right "to prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106(2). The Copyright Act broadly defines a derivative work as -

> a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted.

17 U.S.C. § 101. One who violates the copyright owner's right to create derivative works is an infringer. See 17 U.S.C. § 501(a).

A derivative work may itself be copyrighted if it has the requisite originality. However, "the copyright is limited to the features that the derivative work adds to the original." Pickett v. Prince, 207 F.3d 402, 405 (7th Cir. 2000); see Stewart v. Abend, 495 U.S. 207, 223 (1990). Moreover, because the owner of the original copyright has the exclusive right to prepare derivative works, the creator of an original derivative

---

[2]We do not consider defendants' further contention that Mulcahy's copyrights are unenforceable because she filed knowingly false copyright applications.

work is only entitled to a copyright if she had permission to use the underlying copyrighted work. See 17 U.S.C. § 103(a); Dam Things from Denmark v. Russ Berrie & Co. Inc., 290 F.3d 548, 563 (3d Cir. 2002); Gracen v. Bradford Exch., 698 F.2d 300, 302 (7th Cir. 1983). Thus, if the PMP Exam Prep is an unauthorized derivative work of the PMBOK, Mulcahy's copyrights are invalid.

The district court did not discuss the concept of a derivative work. It simply concluded that PMP Exam Prep does not infringe PMI's copyright in the PMBOK because, while the two works have "many substantive details in common," they are not substantially similar "in substance, purpose, presentation, and functionality." The court applied the two-part test for determining substantial similarity adopted by this court in diverse copyright infringement cases such as Hartman v. Hallmark Cards, Inc., 833 F.2d 117, 120 (8th Cir. 1987), Schoolhouse, Inc. v. Anderson, 275 F.3d 726, 729 (8th Cir. 2002), and Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1043 (8th Cir. 2003).

While substantial similarity is the test we use in determining copyright infringement, here the issue is whether Mulcahy's book is a derivative work. In general, the two tests are similar. In the words of a leading copyright treatise, "Unless sufficient of the pre-existing work is contained in the later work so as to constitute the latter an infringement of the former, the latter by definition is not a derivative work." 2 Nimmer on Copyright § 8.09[A], p. 8-138 (2004); see Litchfield v. Spielberg, 736 F.2d 1352, 1357 (9th Cir. 1984) ("a work is not derivative unless it has been substantially copied from the prior work"), cert. denied, 470 U.S. 1052 (1985). But as this case illustrates, a determination of what is substantial or sufficient must take into account the nature of the derivative work inquiry.

PMI has created and copyrighted a multi-purpose reference work, the PMBOK, and has made that work the "foundation" of its test that a student must pass to receive PMI's valuable PMP certification. Without doubt, an outside educator could obtain

copies of the PMBOK from PMI and lecture students on how to use that work to pass the exam without infringing the PMBOK copyright. In addition, the educator could create and distribute written materials on subjects not covered in the PMBOK -- such as "How to Study for the Exam" and "Tricks for Taking the Exam" -- without infringing. But Mulcahy has done far more. Large portions of her PMP Exam Prep appear to copy, condense, and adapt those portions of the PMBOK that are relevant to passing the exam. She admits that these portions of her work are derived from and based upon the PMBOK. The question is whether this copying, condensing, and adapting of the PMBOK encroaches upon, i.e., infringes, PMI's exclusive right "to prepare derivative works based upon the copyrighted work." 17 U.S.C. § 106(2). This issue cannot be answered by looking at the percentage of the PMBOK that has been condensed or copied in PMP Exam Prep. Rather, a reasonable factfinder could find that PMP Exam Prep is an infringing derivative work if it copied or condensed the qualitative core of one marketable portion of the multi-purpose PMBOK. See Castle Rock Ent., Inc. v. Carol Pub. Group, Inc., 150 F.3d 132, 138-39 (2d Cir. 1998). It is true that, in most infringement cases, "[i]nfringement of expression occurs only when the total concept and feel of the works in question are substantially similar," Hartman, 833 F.2d at 120-21. But the derivative work issue, like the fair use issue, should turn on "the qualitative nature of the taking." Harper & Row Publishers, Inc. v. Nation Enters., 471 U.S. 539, 565 (1985). Thus, a work may be found to be derivative even if it has "a different total concept and feel from the original work." Castle Rock, 150 F.3d at 140.

Mulcahy argues that the PMBOK is entitled to only limited protection because it is "a common project management lexicon," a collection of underlying facts and theories that cannot themselves be copyrighted. The Supreme Court has warned that "the copyright in a factual compilation is thin" because "a subsequent compiler remains free to use the facts . . . to aid in preparing a competing work." Feist, 499 U.S. at 349. That principle may apply here. But PMI's website materials in the summary judgment record suggest that the PMBOK may be an original work intended

to transform project management into a recognized profession, rather than a mere compilation of well-known facts and ideas. In that case, the work's organization and presentation would reflect far more protectible originality than, for example, the copyrighted "tables of information on area public and private schools" at issue in Schoolhouse, 275 F.3d at 727. Again, this is a fact-intensive issue not properly decided as a matter of law on a summary judgment record.[3]

For these reasons, we conclude that the district court erred in deciding that Mulcahy's PMP Exam Prep is not a derivative work as a matter of law.

*B. Fair Use Doctrine.* Alternatively, Mulcahy argues and the district court concluded that PMP Exam Prep is a fair use of the PMBOK as a matter of law. The statute, 17 U.S.C. § 107, sets forth four non-exclusive factors that "shall" be considered in determining whether an otherwise infringing use is a non-infringing fair use. Though all four must be considered together, the fourth factor -- "the effect of the use upon the potential market for or value of the copyrighted work" -- "is undoubtedly the single most important element of fair use." Harper & Row, 471 U.S. at 566. The district court concluded that Mulcahy's use was fair because the introduction to PMP Exam Prep tells students, "You need both the PMBOK and this book to prepare for the exam," and thus "the effect of Mulcahy's work would likely improve the potential market for and enhance the value of the PMBOK."

---

[3]Mulcahy also argues that, if PMP Exam Prep is a derivative work, PMI ratified her use of the PMBOK by not responding when she sent PMI a pre-publication of the first PMP Exam Prep and by selling PMP Exam Prep in PMI's online bookstore. See Eden Toys, Inc. v. Florelee Undergarment Co., Inc., 697 F.2d 27, 34 n.6 (2d Cir. 1982). This, too, is an issue requiring a trial that explores the extent of PMI's right to prepare derivative works and, if the right extends to PMP exam teaching materials based on the PMBOK, the manner in which PMI has exploited that right.

In our view, the effect of Mulcahy's use is not so clear. In the first place, students may find that PMP Exam Prep is such an effective condensation and adaptation that they need not obtain and study the PMBOK. But more importantly, PMI has created a for-profit education market by offering a valued certification exam. PMI offers courses on passing its exam, demonstrating an intent to exploit that market. By basing its exam on the copyrighted PMBOK, PMI has also created a market for selling or licensing this work to educators and students; "the potential for destruction of this market by widespread circumvention of the plaintiffs' permission fee system is enough, under the *Harper & Row* test, 'to negate fair use.'" Princeton Univ. Press v. Mich. Document Servs., Inc., 99 F.3d 1381, 1388 (6th Cir. 1996) (en banc), cert. denied, 520 U.S. 1156 (1997). Moreover, by publishing a comprehensive condensation of the portions of the PMBOK relevant to passing the exam, Mulcahy may have deprived PMI of "the capacity arbitrarily to refuse to license one who seeks to exploit the work." Stewart, 495 U.S. at 229. Fair use is a mixed question of law and fact. Here, the issue of fair use, like the issue of derivative work, raises genuine issues of material fact.

In addition, a finding that Mulcahy's copyrights are valid only because PMP Exam Prep is a fair use of the PMBOK would likely affect other issues. Mulcahy emphasizes the extent to which Cheetah's materials copy PMP Exam Prep. But "[a]n author's right to protection of the derivative work only extends to the [original] elements that [she] has added to the work; [she] cannot receive protection for the underlying work." Dam Things, 290 F.3d at 563; see Feist, 499 U.S. at 363 ("copyright protects only those constituent elements of a work that possess more than a de minimis quantum of creativity"). Thus, the factfinder "must filter out and disregard" the copying of non-protected elements -- such as elements of PMP Exam Prep that are a fair use of the PMBOK -- in determining whether defendants are guilty of copyright infringement. Cavalier v. Random House, Inc., 297 F.3d 815, 822-23 (9th Cir. 2002).

## III. Conclusion.

For the foregoing reasons, Paragraph 1.a. of the district court's order dated July 28, 2003, is reversed, the permanent injunction in paragraph 3. is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.

---

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS. CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
THOMAS F. EAGLETON COURT HOUSE
ROOM 24.329
111 S. 10TH STREET
ST. LOUIS, MISSOURI 63102

MICHAEL E. GANS
Clerk of Court

VOICE (314) 244-2400
FAX (314) 244-2780
www.ca8.uscourts.gov

November 10, 2004

Mr. Richard Sletten
Clerk
U.S. DISTRICT COURT, MINNESOTA
202 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415

RECEIVED
BY U.S. MAIL
2004 NOV 12 AM 9:27
CLERK, U.S. DIST COURT
MINNEAPOLIS, MN

Re: 03-3112 Rita Mulchay vs. Cheetah Learning LLC

Dear Clerk:

The mandate of this Court is being sent to the clerk of the district court, together with a receipt. The clerk of the district court is requested to sign, date, and return the receipt to this office.

Any district court records in this court's possession will be returned shortly.

(5175-010199)

Sincerely,

Michael E. Gans
Clerk of Court

cmd

Enclosure

(LETTER FOR INFORMATIONAL PURPOSES ONLY)

---

cc: Honorable Paul A. Magnuson
Susan M. Robiner
Rita A. O'Keefe
Christopher K. Larus
Hetal Dalal

District Court/Agency Case Number(s): CIV 02-791 PAM/RLE