UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**RITA MULCAHY,**

**Plaintiff,**

**vs.**

**CHEETAH LEARNING LLC,**

**Defendant.**

**Civil Action No. 02-791 (PAM/JGL)**

**AMENDED RULE 26(f) REPORT**

The parties/counsel identified below participated in the meeting as ordered by Magistrate Franklin L. Noel and required by Fed.R.Civ.P. 26(f), on May 11, 2005, and prepared the following report.

**(a) Description of the Case**

(1) Concise Factual Summary of Plaintiff's Claims;

Plaintiff Rita Mulcahy ("Mulcahy") is the President and founder of RMC Project Management, Inc., and the author of the copyrighted book entitled *PMP Exam Prep*. *PMP Exam Prep* is a leading tool for preparing project managers to take the Project Management Institute's ("PMI") Project Management Professional Exam.

Defendant Cheetah Learning LLC ("Cheetah") also offers a course intended to prepare people to take PMI's PMP Certification Exam. In its course, Cheetah used written materials which infringed Mulcahy's copyright in *PMP Exam Prep*, including a number of original illustrations, examples, charts and sample examination questions. Cheetah's defense to this conduct is that *PMP Exam Prep* is derivative of PMI's book, The Guide to the Project Management Body of Knowledge ("PMBOK").

Both parties moved for summary judgment on the copyright infringement claim. On July 28, 2003, Judge Paul A. Magnuson granted partial Summary Judgment in Mulcahy's favor on the copyright infringement claim and imposed a permanent injunction against Cheetah. The issues of willfulness and damages were left open

for a jury trial. Cheetah appealed to the Eighth Circuit Court of Appeals. The Eighth Circuit reversed the District Court. The Court of Appeals found that the question of whether *PMP Exam Prep* is derivative of PMI's PMBOK is a fact intensive issue not properly decided as a matter of law on a summary judgment record. It further found that genuine issues of materials fact exist as to whether *PMP Exam Prep* is a fair use of the PMBOK.

(2) Concise Factual Summary of Defendant's claims/defenses;

The Eighth Circuit decision, reported at 386 F.3d 849 (8th Cir. 2004), provides the blueprint for future litigation proceedings. The opinion makes clear that there are two distinct routes by which Cheetah can prevail completely in the case. The first is that plaintiff's copyrights are invalid because plaintiff's *PMP Exam Prep* work is an unauthorized derivative work. To win that issue, plaintiff needs to win either the argument that her work is, in fact, authorized by PMI; or the argument that her work constitutes fair use of PMI's work. We understand that PMI does not believe it provided any authorization to plaintiff. For plaintiff to persuade the Court and jury that her work constitutes a fair use of PMI's work, the court would effectively need to find that PMI has no ability to prevent wholesale reproductions of portions of its copyrighted materials. The second route toward a complete win by Cheetah is the conclusion that plaintiff's copyrights are unenforceable because obtained by fraud, a knowing failure to advise the Copyright Office of facts material to copyrightability. The Eighth Circuit acknowledged but did not discuss that issue. Plaintiff will bear the burden of simultaneously explaining why the overlapping expression between PMI's work and hers does not constitute infringement while comparably overlapping expression between her work and Cheetah's work does. If Cheetah prevails in the case, it plans to rely on a prior offer of judgment to seek its attorney fees and costs from plaintiff.

(3) Statement of Jurisdiction (including statutory citations);

This is an action for copyright infringement arising under the Federal Copyright Act 17 U.S.C. § 101 *et seq.*. This Court has original jurisdiction to hear these claims pursuant to 28 U.S.C. §§ 1331 and 1338.

(4) Summary of Factual Stipulations or Agreements;

None

(5) Statement of whether jury trial has been timely demanded by any party.

Yes

**(b) Pleadings**

(1) Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action;

All process has been served and all pleadings filed with the Court. Given the mature posture of this matter, neither party seeks any further amendment of the pleadings.

**(c) Discovery Limitations**

(1) The parties agree that discovery should be re-opened to the extent it is germane to the issues raised by the Eighth Circuit's opinion. The parties recommend that the Court limit the use and numbers of discovery procedures as follows:

(A) __5____ interrogatories;
(B) __5____ document requests;
(C) ___2___ factual depositions per side;
(D) Unlimited requests for admissions;
(E) __N/A__ Rule 35 medical examinations;
(F) _______ other.

**(d) Discovery Schedule/Deadlines**

(1) The parties recommend that the Court establish the following discovery deadlines;

(A) September 16, 2005 deadline for completion of non-expert discovery, including service and response to interrogatories, document requests, requests for admission and scheduling of factual depositions;

(B) _N/A__ deadline for completion of all Rule 35 medical examinations;

(C) _______ other.

**(e) Experts**

The parties anticipate that they will require expert witnesses at time of trial.

(1) The plaintiff anticipates calling ___2____ experts in the fields of: project management and copyright infringement.

(2) The defendant anticipates calling ___1_____ expert in the field of copyright infringement. Defendant does not anticipate calling any damage expert because it understands that plaintiff is committed to pursuing copyright statutory damages only.

(3) The parties pursuant to Local Rule 26.3(a) recommend the disclosure and discovery option as follows:

See (4) below.

(4) The parties recommend that the Court establish the following deadlines for disclosure of experts and experts' opinions consistent with Rule 26(a)(2) as modified by Local Rule 26.3:

(A-C) Deadlines for all parties' identification of expert witnesses (initial and rebuttal), disclosures and expert depositions.

September 30, 2005 Deadline for Initial Disclosure including expert report
October 28, 2005 Deadline for Rebuttal Disclosure
November 23, 2005 Deadline for Deposition of Experts

**(f) Motion Schedule**

(1) The parties recommend that motions be filed and served on or before the following date:

(A) November 30, 2005 non-dispositive motions;
(B) December 21, 2005 dispositive motions.

**(g) Trial-Ready Date**

(1) The parties agree that the case will be ready for trial on the later of January 16, 2005 (if no dispositive motions are filed) or the date any dispositive motions are decided.

(2) A final pretrial conference should be held whenever scheduled by the Court

**(h) Insurance Carriers/Indemnitors**

No insurance carrier has accepted liability for plaintiff's claims.

**(i) Settlement**

(1) The parties have discussed settlement.

(2) The parties believe that further efforts at settlement are appropriate and should be scheduled by the Court before the final pre-trial conference

(3) The parties have participated in alternative dispute resolution.

**(j) Trial by Magistrate Judge**

(1) The parties have not agreed to jurisdiction by the Magistrate Judge.

Dated: May 12, 2005

LEONARD, STREET AND DEINARD
PROFESSIONAL ASSOCIATION

s/Rita O'Keeffe
Susan M. Robiner (#168609)
Rita A. O'Keeffe (#306873)
150 South Fifth Street, Suite 2300
Minneapolis, Minnesota 55402
Telephone: (612) 335-1500
**ATTORNEYS FOR PLAINTIFF**
**RITA MULCAHY**

DORSEY & WHITNEY LLP

Date: May 12, 2005

s/ Peter M. Lancaster
Peter M. Lancaster (#159840)
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-7811
**ATTORNEYS FOR DEFENDANTS**
**CHEETAH LEARNING, LLC**